## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. |
| v. | : | 20-CR-28-VAB-11 |
| TOMASZ TUROWSKI | : | AUGUST 15, 2022 |

### MEMORANDUM IN SUPPORT OF DEFENDANT TUROWSKI'S
### MOTION IN LIMINE TO PRECLUDE CERTAIN STATEMENTS AND ACTS

**INTRODUCTION**

The defendant, Tomasz Turowski, has filed this date a motion in limine to preclude certain statements and acts of co-defendants and alleged co-conspirators from being offered into evidence by the government against Mr. Turowski. This memorandum is filed in support of granting that motion.

**ARGUMENT**

The government likely will seek to introduce out-of-court statements from others, whom it contends are co-conspirators of Mr. Turowski, as a means of proving that a conspiracy existed, and that he was a knowing participant in it at the time such statements were made. While Federal Rule of Evidence 801(d)(2)(E) permits evidence that would otherwise be deemed hearsay to be introduced if the evidence was a statement "made by the party's coconspirator during and in furtherance of the conspiracy," there are significant procedural steps and prerequisites that must be satisfied before any such evidence can be considered against an accused. Since Federal Rule of Evidence 104(a) dictates that "[p]reliminary questions concerning... the admissibility of evidence shall be determined by the court," the Court may not admit evidence of a co-conspirator's statement against a particular accused unless it first finds sufficient evidence "that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made 'during the course and in furtherance of the conspiracy.'" *Bourjaily v. United States*, 483 U.S. 171, 175 (1987).

"The traditional requirement that such questions be established by a preponderance of

**ORAL ARGUMENT REQUESTED**

proof, regardless of the burden of proof on the substantive issues, applies" to co-conspirator hearsay. *Id*. at 172. "'[While the] court, in making a preliminary factual determination under Rule 801(d)(2)(E), may [consider] the hearsay statements [as part of its review,] there must be some independent corroborating evidence of the defendant's participation in the conspiracy'" before such statement may be admitted against an individual defendant. *United States v. Zhao Wu Chen*, 322 F. App'x 43, 47 (2d Cir. 2009), quoting *Bourjaily*, 483 U.S. at 181.

Thus, the Second Circuit summarized the requirements before a court may admit an out-of-court co-conspirator statement against a defendant under Rule 801(d)(2)(E)" as follows:

> [A] district court must find by a preponderance of the evidence[:] "(1) that there was a conspiracy, (2) that its members included the declarant and the party against whom the statement is offered, and (3) that the statement was made both (a) during the course of and (b) in furtherance of the conspiracy."

*United States v. Saleh*, 813 F. App'x 678, 681 (2d Cir. 2020), quoting *United States v. Tracy*, 12 F.3d 1186, 1196, 1199 (2d Cir. 1993).

Under this procedure, "[t]he district court 'may properly find the existence of a criminal conspiracy where the evidence is sufficient to establish, by a preponderance of the evidence, that 'the... alleged coconspirators entered into a joint enterprise with consciousness of its general nature and extent.'" *United States v. James*, 712 F.3d 79, 106 (2d Cir. 2013), quoting *In re Terrorist Bombings of U.S. Embassies in E. Afr.*, 552 F.3d 93, 137-38 (2d Cir. 2008). But the fact that a particular statement may be admissible against certain defendants does not mean it is admissible against all.

Proving that a statement was made during the course of a conspiracy is a "temporal requirement... [t]hat is to say the statements cannot be made after the cessation of the conspiracy or before its formation." *United States v. Saneaux*, 365 F. Supp. 2d 493, 499 (S.D.N.Y. 2005), citing *United States v. Grossman*, 843 F.2d 78, 83 (2d Cir. 1988); *United States v. DeVaugn*, 579 F.2d 225, 227 (2d Cir. 1978); 29A Am. Jur. 2d Evidence § 837 (2004); *see also id.* at § 835 (footnote omitted) ("[T]here must be a showing that the statements or acts of the coconspirator were made while the conspiracy was active, that is, after it was formed and before it ended.").

Moreover, it must have been uttered at a time when Mr. Turowski was a member of the conspiracy. That is because for a statement to have been made in furtherance of a conspiracy, "the

conspiratorial objective being furthered by the declarant's statement must in fact be the objective of a conspiracy *between the defendant and the declarant.*" *United States v. Russo*, 302 F.3d 37, 45 (2d Cir. 2002) (emphasis supplied); *see also United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1199 (2d Cir. 1989) ("The principal question in the 'in furtherance' issue is whether the statement promoted, or was intended to promote, the goals of the conspiracy."). In other words, "'the statements must in some way have been designed to promote or facilitate achievement of the goals of the ongoing conspiracy[.]'" *James, supra,* 712 F.3d. at 106 (brackets in original), *quoting United States v. Diaz*, 176 F.3d 52, 85 (2d Cir. 1999). Moreover, because a co-conspirator's hearsay statements are "presumptively unreliable" and require "independent corroborating evidence of the defendant's participation in the conspiracy," the government must also show that the declarant and defendant possessed a "unity of interests stemming from a specific shared criminal task that justifies Rule 801(d)(2)(E)...." *United States v. Tellier*, 83 F.3d 578, 580 (2d Cir. 1996); *United States v. Gigante*, 166 F.3d. 75, 83 (2d Cir. 1999). Judge Gardephe, collecting numerous Second Circuit cases, set out common examples of conduct that qualifies and of conduct that <u>does not</u> qualify as a statement in furtherance of a conspiracy, as follows:

> Accordingly, 'statements between co-conspirators that... inform each other as to the progress or status of the conspiracy' are in furtherance of the conspiracy, as are statements that 'provide reassurance, or seek to induce a co-conspirator's assistance, or serve to foster trust and cohesiveness.' Statements that 'prompt the listener... to respond in a way that promotes or facilitates the carrying out of a criminal activity' are also in furtherance of a conspiracy. However, 'casual conversation about past events, 'idle chatter' between co-conspirators, or 'merely narrative' descriptions by one coconspirator o[f] the acts of another' do not qualify as statements in furtherance of the conspiracy.

*United States v. Johnson*, 469 F. Supp. 3d 193, 212-13 (S.D.N.Y. 2019) (alteration in original), *citing United States v. Mulder*, 273 F.3d 91, 103 (2d Cir. 2001); *United States v. Maldonado-Rivera*, 922 F.2d 934, 959 (2d Cir. 1990); *United States v. SKW Metals & Alloys, Inc.*, 195 F.3d 83, 88 (2d Cir. 1999); *United States v. Heinemann*, 801 F.2d 86, 95 (2d Cir. 1986); *United States v. Lieberman*, 637 F.2d 95, 103 (2d Cir. 1980); *United States v. Birnbaum*, 337 F.2d 490, 495 (2d Cir. 1964).

**CONCLUSION**

For these reasons, it is in the interests of justice, fifth amendment due process and judicial economy that the Court hold an evidentiary hearing prior to admissibility of hearsay where the government retains the burden of establishing, by a preponderance of the evidence and independent of the proffered hearsay, that Mr. Turowski was a member of the charged conspiracy at the relevant times statements were made, and that the specific statements offered were made during and in furtherance of the particular conspiracy as charged in the indictment. Otherwise the evidence is rank hearsay and may also interfere with the defendant's sixth amendment right to confrontation and cross-examination. This is particularly important in this case, as the government has charged two separate conspiracies in one superceding indictment and Mr. Turowski is only named in one of them. Thus, the danger of spillover prejudice and juror confusion is particularly acute.

THE DEFENDANT –
TOMASZ TUROWSKI
By: /s/ *Jon L. Schoenhorn*
Jon L. Schoenhorn, Esq.
Jon L. Schoenhorn & Associates, LLC
108 Oak Street
Hartford, CT 06106
Fed. Bar No. Ct00119
T: (860) 278-3500
F: (860) 278-6393
E: casemanagement@schoenhorn.com

**CERTIFICATION**

I hereby certify that on the above date, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ *Jon L. Schoenhorn*
Jon L. Schoenhorn